# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ROSA RODRÍGUEZ-VAZQUEZ,

    **Plaintiff,**

    v.

SEARS ROEBUCK DE PUERTO RICO, INC., et al.,

    **Defendants.**

**Civil No. 15-02731 (ADC)**

## OPINION AND ORDER

Two motions are pending before the Court. First, is plaintiff Rosa Rodríguez-Vazquez's motion to amend the complaint or, alternatively, leave to request dismissal without prejudice. **ECF No. 39.** Second, is defendant Sears Roebuck de Puerto Rico, Inc.'s ("Sears") motion to dismiss for lack of subject matter jurisdiction and, alternatively, its opposition to plaintiff's motion to amend. **ECF No. 40**. Defendant Commercial Centers Management Realty S. en C. did not reply or join any of the pending motions.

The Court has considered the motions in light of the other filings in the docket. For the reasons discussed below, the Court **DENIES** plaintiff's request to amend, **GRANTS** plaintiff's request to dismiss without prejudice, and **DENIES** Sears's motion to dismiss with prejudice.

**I.    Factual and Procedural Background**

Sears operates a retail store in the Santa Rosa Mall in Bayamón, Puerto Rico. **ECF No. 24** at 3. Plaintiff alleges she visited the Sears store in the Santa Rosa Mall on June 15, 2015 and October

2, 2015, at which times she "was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities" therein due to various structural and design deficiencies preventing her from safely accessing the facility while using her medically-necessary walker or wheelchair. **ECF No. 2** at 2, 7–11. Plaintiff filed a complaint on November 4, 2015, seeking injunctive and declaratory relief, costs, and damages under the Americans with Disabilities Act, 42 U.S.C § 12101 et seq. ("ADA"). **ECF No.** 2 at 6–7, 16–17.

Approximately nine months later, on August 11, 2016, plaintiff's counsel moved the Court to appoint a Guardian Ad Litem in light of plaintiff's "apparent diminished cognitive illness." **ECF No. 28** at 2. Shortly thereafter, plaintiff moved to withdraw that motion, stating, "Plaintiff's family will ask in state court for a court-appointed guardian." **ECF No. 38** at 1. Plaintiff concurrently filed the pending motion to amend the complaint with the stated purpose of "join[ing] the real party of interest."[1] **ECF No. 39** at 3. Alternatively, plaintiff seeks leave to request dismissal of the case without prejudice due to her "medical condition." **ECF No. 39** at 3. Plaintiff's medical condition is more thoroughly described in a restricted filing. **ECF No. 37.**

Sears responded to the motion with its own motion to dismiss, arguing that dismissal with prejudice is warranted because plaintiff lacks both standing and capacity, thereby depriving the

---

[1] In her motion requesting this Court appoint a guardian, plaintiff requested that her son, Mr. Pedro Ordein, be named guardian ad litem. **ECF No. 28** at 2. Plaintiff also identified the "real party of interest" as her son in a subsequently-denied filing. **ECF Nos. 36** at 4**; 43**. However, in her pending motion, plaintiff did not identify a specific individual as the "real party of interest" to be joined if leave to amend is granted and, as far as the record reflects, no guardian has been appointed yet. **ECF No. 39**.

Court of subject matter jurisdiction. **ECF No. 40** at 4–11. Alternatively, Sears opposes the motion to amend on the grounds "that it does not comply with Fed. R. Civ. P. 17 and it does not request a Fed. R. Civ. P. 25 request for substitution of the named party-plaintiff." **ECF No. 40** at 3 (emphasis omitted). Plaintiff did not respond to Sears's filing.

## II. Legal Standard

Plaintiff's motion first requests leave to amend. A party may amend its pleadings after the time to amend as a matter of course has elapsed "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

This standard "focuses mostly on the bad faith of the moving party and the prejudice to the opposing party." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004) (citing *Foman*, 371 U.S. at 182).

Plaintiff alternatively seeks leave to request dismissal without prejudice based on plaintiff's "medical condition." **ECF No. 39** at 3. "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Prejudice to a defendant is similarly at the heart of this standard, which "allows a plaintiff to voluntarily

dismiss his own case as long as no other party will be prejudiced," *Colón-Cabrera v. Esso Standard Oil Co. (Puerto Rico), Inc.*, 723 F.3d 82, 87 (1st Cir. 2013) (citations and internal quotation marks omitted). "The court is responsible for ensuring that such prejudice will not occur." *Id.* "The mere prospect of a subsequent lawsuit does not constitute such prejudice." *Id.*

In weighing whether voluntary dismissal without prejudice will cause unfairness to a defendant, a court should consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation [of] the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Id.* at 88 (citation and internal quotation marks omitted) (alteration in original). "[C]ourts need not analyze each factor or limit their consideration to these factors." *Doe v. Urohealth Sys. Inc.*, 216 F.3d 157, 160 (1st Cir. 2000).

Sears seeks dismissal with prejudice based on lack of subject matter jurisdiction, specifically arguing that plaintiff lacks standing because she lacks the legal capacity to sue and because she failed to allege an injury-in-fact. "Federal courts are courts of limited jurisdiction and the requirement of subject-matter jurisdiction functions as a restriction on federal power." *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (citations and internal quotation marks omitted). "[S]tanding is a prerequisite to a federal court's subject matter jurisdiction." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016).

## III. Discussion

The Court will first address plaintiff's motion to amend and alternative request to seek voluntary dismissal without prejudice. The above-outlined factors pertaining to voluntary dismissal provide a framework to consider prejudice to the defendant, which is also the main focus in considering a motion to amend. *See O'Connell,* 357 F.3d at 155. The first factor described in the voluntary dismissal analysis is the effort and expense incurred by the defendants in defending against the present case. *See Colón-Cabrera*, 723 F.3d at 88. Here, the expense incurred, both financial and otherwise, appears minimal. As plaintiff stated in her motion, the case is essentially "at the pleading stage." **ECF No. 39** at 2. By the time plaintiff filed the present motion on November 19, 2016, **ECF No. 39**, the docket consisted exclusively of entries pertaining to the filing of a new complaint, **ECF Nos. 1–10**; the defendants' answers to the complaint, **ECF Nos. 11–21, 23–24**; plaintiff's earlier requests to amend the complaint, **ECF Nos. 22, 26, 29–35**; informative motions, **ECF Nos. 25, 27**; and filings related to plaintiff's medical condition, **ECF Nos. 28, 36–38.** Given this procedural posture, it is unlikely the defendants have incurred significant costs in preparation for trial. *Cf. Doe,* 216 F.3d at 160–61 (reversing and remanding the district court's decision to grant the plaintiff's voluntary motion to dismiss where the plaintiff requested dismissal after the defendant moved for summary judgment, "produced numerous documents and deposed several of [the plaintiff's] purported experts," and "file[d] several protective orders because of [the plaintiff's] dilatory discovery tactics," for which the plaintiff was twice reprimanded); *Acosta-Mestre v. Hilton Intern. of Puerto Rico, Inc.*, 156 F.3d 49,

52 (1st Cir. 1998) (affirming a district court's denial of the plaintiff's request to amend the complaint made one month before discovery was set to close, noting that leave to amend "would have resulted in at least an additional four months of discovery" and "delayed trial by at least an additional twelve months," thereby imposing significant delays and costs on the defendant). Thus, this factor weighs in favor of granting plaintiff's motion.

The next factor the Court considers—plaintiff's diligence in pursuing her case—weighs against plaintiff. *See Colón-Cabrera*, 723 F.3d at 88. Plaintiff's motion has been pending for nearly a year without a request to submit for decision. Plaintiff did not reply to Sears's motion to dismiss and opposition to her motion.[2] Moreover, the Court previously granted plaintiff's first request for leave to amend the complaint, but plaintiff failed to timely file an amended complaint. **ECF Nos**. **22, 26, 29, 42.** Accordingly, this factor weighs against plaintiff.

Next, the Court considers the legitimacy of plaintiff's explanation in support of her request for amendment or dismissal. *See id.* Plaintiff's counsel explained that, due to plaintiff's declining health, her family would like to request a state court to appoint a guardian. Plaintiff's counsel had previously withdrawn a request that this Court appoint a guardian in light of the family's preference to pursue the matter in state court. As explained in the restricted filing, **ECF No. 37,**

---

[2] On August 17, 2017, approximately nine months after Sears filed its motion, plaintiff filed an Informative Motion bringing to the Court's attention recently-decided ADA case law that is seemingly related to Sears's jurisdictional challenges. **ECF No. 46**. Sears responded to the filing, asserting that plaintiff's Informative Motion does not amount to a reply to the pending filings. **ECF No. 47.**

the specific nature of plaintiff's illness justifies the appointment of a guardian. The Court is not aware if a guardian has been appointed yet. Accordingly, this factor weighs in favor of granting plaintiff's request to dismiss without prejudice and weighs against her request to amend.

The last factor—whether the defendant has filed a dispositive motion the plaintiff seeks to circumvent—favors plaintiff. *See id.* Neither defendant in this case filed a dispositive motion prior to plaintiff's November 19, 2016 request to amend or dismiss. **ECF No. 39**. While Sears announced in a February 3, 2016 Informative Motion that it *may* file a motion to dismiss and seek sanctions on frivolousness grounds, **ECF No. 25**, it ultimately did not do so until December 5, 2016. **ECF No. 40.**

Thus, all but one of the factors enumerated in *Colón-Cabrera* favor granting plaintiff voluntary dismissal. On the other hand, because there is no information in the docket indicating that the state court appointed a guardian yet, plaintiff's request to amend the complaint to reflect the guardianship is untenable. *See Foman*, 371 U.S. at 182 (noting that "futility of amendment" may be a sufficient basis on which a court denies a motion to amend). More so, on November 19, 2016 plaintiff sought leave to amend the complaint, **ECF No. 39**, and, to date, has failed to do so.

Additionally, Sears is seemingly in agreement that dismissal is warranted. *See Colón-Cabrera*, 723 F.3d at 88 (indicating that the Court should consider any factors relevant to determining whether voluntary dismissal is justified). Sears argues that the Court lacks subject matter jurisdiction because plaintiff lacks standing as a result of her incapacity to sue and failure to allege an injury-in-fact. **ECF No. 40** at 4–11. Indeed, in an earlier filing, Sears indicated that it

directly requested plaintiff to seek voluntary dismissal, albeit with prejudice.[3] **ECF No. 25** at 1–2. Alternatively, Sears argues in its pending motion that amendment of plaintiff's complaint, to the extent she is permitted to amend the allegations, is untimely, unwarranted, and procedurally inappropriate. **ECF No. 40** at 11–12. Sears, however, does agree that amendment is proper for the sole purpose of substituting the named party in the case with plaintiff's "duly appointed guardian, whenever that person is appointed by the state court, and whoever that person may be." **ECF No. 40** at 11 n.5.

Given the ambiguity as to whether a state court has appointed plaintiff a guardian yet, the amount of time that has passed in this case without significant action by any party, and plaintiff's earlier failed attempt to timely file an amended complaint, the Court determines that voluntary dismissal, rather than leave to amend, is appropriate. To the extent the case may be refiled, the defendants are not foreclosed from raising any of their defenses again, including Sears's subject matter jurisdiction challenges. While "granting voluntary dismissal" without prejudice, rather than Sears's request for dismissal with prejudice, deprives Sears of an "opportunity for a favorable final disposition," "los[ing] an opportunity for a favorable final disposition of the case . . . is not important as long as [the defendant] suffers no legal prejudice from dismissal." *See Kellmer v. Raines*, 674 F.3d 848, 851 (D.C. Cir. 2012) (alterations in original) (explaining that the

---

[3] In its February 3, 2016 Informative Motion, Sears specifically indicated that it would file a motion to dismiss and seek sanctions if plaintiff did not move for voluntary dismissal with prejudice by February 29, 2016, in order "to avoid further incurring in the costs and expenses associated with a litigation that lacks merit." **ECF No. 25** at 1–2.

defendants suffered no legal prejudice because they retained their legal arguments for dismissal on claim preclusion grounds in the event the plaintiff refiled its complaint following voluntary dismissal). Thus, the prejudice defendants will face in this case is the "mere prospect of a subsequent lawsuit," which does not constitute the legal prejudice at issue. *Colón-Cabrera*, 723 F.3d at 87.

### IV. Conclusion

In light of the above, plaintiff's request for dismissal without prejudice at **ECF No. 39** is hereby **GRANTED**. The request to amend at **ECF No. 39** is **DENIED.** Plaintiff's complaint at **ECF No. 2** against the two named defendants is hereby **DISMISSED WITHOUT PREJUDICE**. The motion to dismiss at **ECF No. 40** is **GRANTED IN PART**, in view of the ruling at **ECF No. 39**. The Informative Motion at **ECF. No. 46** is **NOTED.** The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**